**FIRST AMERICAN BANK & TRUST CO
v OHLER et**

Ohio Appeals, 3rd Dist, Allen Co

No 594.   Decided Jan 19, 1933

C. H. Klinger, Lima, for plaintiff in error.
Mackenzie, Weadock & Landis, Lima, for defendants in error.

KINDER, J.

When so changed, the note, so far as the rate of interest was concerned, bore two rates of interest, one at six per cent and one at eight per cent, because there was no obliteration of the original six per cent provision but it remained from the time the eight per cent provision was inserted, down to the time of trial. That the alteration was a material one, within the terms of §8230, **GC**, is too clear to justify any discussion, and the fact of the alteration was established, as we have said, by a witness called in behalf of plaintiff, and there was no other testimony offered on that subject, excepting that of Pletcher who corroborated the evidence of the officer of the bank.

There were no separate conclusions of fact by the court, the directed verdict having been rendered at the close of all the evidence.

It is well settled, indeed there is no authority to the contrary, that for plaintiff to recover against Ohler it was necessary to prove that notice of dishonor had been given or that an attempt had been made to give such notice, in the absence of a waiver of notice. There was no waiver, and Ohler's indorsement, as has been stated, was in blank.

That situation beyond all question made it proper to direct a verdict in favor of Ohler, regardless of the issue of alteration, and on the latter issue the proof was conclusive of the material alteration, which warranted the directed verdict in favor of Binkleys, and also for Ohler.

The note as to Ohler and Binkleys was not the note which Binkleys executed and delivered, and Ohler sold to the plaintiff, and the fundamental reason which prevents recovery on a note which has been materially altered, is that such altered note is not the note which was executed and delivered.

Before JUDGES CROW and KINDER.
JUDGE KLINGER not participating.